UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNN VALENTINE )<br> )<br>         Plaintiff )<br> )<br>vs. )<br> )<br>NCO FINANCIAL SYSTEMS, )<br>INC. )<br> )<br>         Defendant )<br>_____) | | Case Number<br><br>CIVIL COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lynn Valentine, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, Lynn Valentine, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains its principal place of business in this District.

## III. PARTIES

4. Plaintiff, Lynn Valentine, is an adult natural person residing at 2741 South Periwinkle Avenue, Middleburg FL 32068.

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or around March 7, 2009, Plaintiff began to receive telephone calls at his place of employment from Defendant in an attempt to collect a consumer debt, namely an American Education Service ("AES") student loan.

8. Simultaneously, Defendant began to call Plaintiff's cell phone.

9. On or about March 11, 2009, Defendant's agent, Patricia called Plaintiff's place of employment and indicated that the call was in regard to the AES student loan. Plaintiff explained to Patricia that she was on a payment arrangement for the alleged debt and asked that Defendant not contact her at work again.

10. Defendant's agent, Kristine Thomas subsequently proceeded to call Plaintiff's place of employment on March 12, 2009.  Plaintiff asked that Defendant not contact her at work again.

11. Defendant's agent, Michelle subsequently proceeded to call Plaintiff's place of employment on March 13, 2009.  Plaintiff asked that Defendant not contact her at work again.

12. On numerous occasions, Defendant's agents have called Plaintiff at her place of employment and hung up on her.

13. Defendant's agent, Tasha subsequently proceeded to call Plaintiff's place of employment on April 22, 2009.  Tasha indicated that the call was in regard to the AES student loan.  Plaintiff demanded that the calls to her place of employment cease.

14. Plaintiff verified with AES that they had placed the account with Defendant's office prior to the payment arrangement being made.

15. Defendant's agent continued to call and harass Plaintiff even after denying that they had a collection account for her.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

21.     The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), c(a)(1), c(a)(3), d, d(5), d(6), e, e(11), f and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc., for the following:

a.     Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. § 1692k;

d.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.     Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  July 3, 2009**           **BY:**           */s/  Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff